UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| TIMOTHY M.,[1] | : | Case No. 1:23-cv-396 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Timothy M. brings this case challenging the Social Security Administration's denial of his request to reopen his application for a period of disability and Disability Insurance Benefits ("DIB"). The case is before the Court upon Plaintiff's Statement of Errors (Doc. #7), the Commissioner's Memorandum in Opposition (Doc. #8), Plaintiff's Reply (Doc. #9), and the administrative record (Doc. #6). For the following reasons, the Court concludes that it lacks subject-matter jurisdiction to decide this case and, therefore, will dismiss the action.

**I.  Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

"any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively applied for benefits on July 19, 2018, alleging disability beginning May 18, 2018. (Doc. #6, *PageID* #s 59-66). Plaintiff's application was granted with an established onset date of June 1, 2018. *Id*. at 173, 181. The Social Security Administration sent a Notice of Award, detailing that Plaintiff would begin receiving disability benefits in December 2018. *Id*. at 71-73. Plaintiff subsequently requested reconsideration, as he disagreed with the monthly amount and month of entitlement to disability payments, contending payment should begin in November 2018, as his last month of work was May 2018. *Id*. at 75-77. Additionally, Plaintiff filed a request for reconsideration regarding his retirement benefits, arguing that his benefits were reduced because he was unaware that he could have filed for disability benefits in 2017. *Id*. at 86. In response to both requests, the Social Security Administration adjusted the month of entitlement from December 2018 to November 2018, but determined that his work activity between November 2017 and May 2018 made him ineligible for disability benefits during that time. *Id.* at 94. He requested and received a hearing before Administrative Law Judge (ALJ) Peter J. Boylan on July 28, 2021. *Id*. at 113. Thereafter, the ALJ issued a written decision, finding no basis for reopening Plaintiff's application. *Id*. at 29-33. The Appeals Council denied Plaintiff's request for review. *Id*. at 16-20.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v.*

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.** **Discussion**

In this case, Plaintiff requests to reopen his DIB application to amend his onset date from May 13, 2018, to November 1, 2017. (Doc. #7, *PageID* #s 205-08). The Commissioner asserts that the Court should dismiss this case for lack of subject-matter jurisdiction because the ALJ's decision not to reopen Plaintiff's prior DIB claim is not a final decision subject to judicial review. (Doc. #8, *PageID* #s 212-17).

As an initial matter, Plaintiff contends that the Commissioner cannot raise its Fed. R. Civ. P. 12(b)(1) challenge to subject matter jurisdiction as it has been waived by his failing to raise this affirmative defense within the sixty-day timeframe to answer a complaint as a United States

agency. (Doc. #9, *PageID* #220) (citing Fed. R. Civ. P. 12(a)(2) and (b)). However, as the Commissioner correctly explains, lack of subject-matter jurisdiction is not waivable by the parties, unlike the other affirmative defenses under Rule 12(b). (Doc. #8, *PageID* #211, n. 1) (citing *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) ("the existence of federal jurisdiction may be questioned at any point in the course of litigation and … parties cannot waive the requirement of subject matter jurisdiction."). Additionally, Fed. R. Civ. P. 12(h)(3) directs the Court to dismiss an action if it determines *at any time* it lacks subject-matter jurisdiction to decide. Fed. R. Civ. P. 12(h)(3). Therefore, the question of whether subject-matter jurisdiction exists over this case is properly before the Court.

Both the regulations and case law support the Commissioner's assertion that this Court lacks subject-matter jurisdiction to reopen Plaintiff's DIB application. Under the regulations, the Social Security Administration's denial of a request to reopen a determination or decision is not considered an initial determination, and, therefore, is not subject to judicial review. 20 C.F.R. § 404.903(l). As the Sixth Circuit recently explained:

> A decision by the SSA not to reopen a prior decision is unreviewable by the courts absent a colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 107-08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Bogle v. Sullivan*, 998 F.2d 342, 346 (6th Cir. 1993). We have previously found that a colorable constitutional claim is established, and judicial review proper, when the claimant's mental capacity prevented him from understanding and pursuing further administrative remedies. *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981); see also *Anderson v. Comm'r of Social Security*, 195 F. App'x 366, 369 (6th Cir. 2006) (citation omitted). We have also reiterated SSR 91-5p's policy that the burden of proof rests on the claimant to demonstrate such incapacity. *Anderson*, 195 F. App'x at 369-70.

*Newhouse v. Comm'r of Soc. Sec.*, 771 F. App'x 602, 605 (6th Cir. 2019).

Therefore, under both the regulations and binding case law, unless Plaintiff alleges a "colorable constitutional claim," the Court lacks subject-matter jurisdiction to reopen his disability determination. *Id*. Plaintiff has not alleged a colorable constitutional claim. He does not assert, for example, that mental incapacity prevented him from understanding or pursuing his administrative remedies.[2] *See Josie F. v. Comm'r of Soc. Sec.*, No. 3:20-CV-00515, 2023 WL 2478867, at *3 (S.D. Ohio Mar. 13, 2023) (King, M.J.) ("Plaintiff raises no constitutional claim in connection with. . . the ALJ's decision not to reopen the earlier determination denying those applications. This Court is therefore without jurisdiction to consider this claim."). Because Plaintiff has failed to raise a colorable constitutional claim to reopen his DIB application, the Court is without subject-matter jurisdiction to consider this case.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #7) is **DENIED;**

2. This case is **DISMISSED** pursuant to Federal Rules of Civil Procedure 12(b)(1); and

3. The case is terminated on the docket of this Court.

August 9, 2024                               *s/Peter B. Silvain, Jr.*
                                             Peter B. Silvain, Jr.
                                             United States Magistrate Judge

---

[2] To the extent that Plaintiff argues that he did not have counsel at the initial stage of his disability application, that factor alone is insufficient to raise a colorable constitutional claim. (Doc. #7, *PageID* #s 204-05); (Doc #9, *PageID* #221); *see Anderson*, 195 F. App'x at 369. A due process claim must assert both lack of counsel and lack of mental capacity; Plaintiff has failed to do so. *Anderson*, 195 F. App'x at 369.

5